IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVIS BROADCASTING OF ATLANTA, L.L.C., | § § § | |
| Defendant, Counter-Plaintiff Below-Appellant, | § § § | No. 450, 2015 |
| v. | § § § | Court Below: Superior Court of the State of Delaware |
| CHARLOTTE BROADCASTING, LLC, et al., | § § § | C.A. No. N13C-04-143 (CCLD) |
| Plaintiffs, Counter-Defendants Below-Appellees. | § § § | |

Submitted: March 2, 2016
Decided: March 4, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

### **O R D E R**

This 4th day of March 2016, having considered this matter on the briefs and after oral argument, it appears to the Court that:

(1)    This appeal raises complicated issues of contract interpretation. But if the Superior Court's determination that the Radio One entities' right to terminate under the Asset Exchange Agreement (the "Agreement") existed until the actual date that the facilities modification applications (the "FMAs") and engineering exhibits (the "Engineering Exhibits") were filed was correct, the remaining issues, for the most part, need not be addressed. As a result of that ruling, the Superior

Court granted the Radio One entities' motion for summary judgment, concluding that they had a valid right to terminate the Agreement because they did so before the FMAs and Engineering Exhibits were actually filed. Davis now argues that the Superior Court was wrong to grant summary judgment and that the contract could be read differently.

(2)     After a careful review of the record, we find no basis on which a jury could find that Davis's position—which is that the parties agreed to extend the date on which the FMAs and accompanying Engineering Exhibits could be filed but did not agree to simultaneously extend the linked right for a party to review those documents and terminate the Agreement if those documents "were not acceptable in its sole discretion"—is a reasonable reading of the relevant contract.[1] The Superior Court properly focused upon the key termination provision, § 15.1, which used the words "date of filing" to describe when the termination right would expire, and not the term "Filing Date" defined in § 2.6 and used in other provisions of the contract.[2] Although not dispositive, that intentional choice must incline the interpretative process toward giving the distinct usage meaning.[3]

---

[1] App. to Opening Br. at 61 (Asset Exchange Agreement § 15.1).
[2] *Id.*
[3] *See Martin Marietta Materials, Inc. v. Vulcan Materials Co.*, 56 A.3d 1072, 1137 (Del. Ch. 2012) ("Marietta's reading would force a strained interpretation of the [nondisclosure agreement], which consistently refers to Evaluation Material as a defined term when it chooses to reference it."); *Mehiel v. Solo Cup Co.*, 2005 WL 1252348, at *5 (Del. Ch. May 13, 2005) (limiting defined term to its express meaning and explaining that if the plaintiff wanted the term to mean something else, "he should have contracted for it").

2

(3)     Most important, Davis has not explained why if the parties extended "the date of filing" of the FMAs and the Engineering Exhibits, that extension did not also extend the linked termination right.  Davis's parol evidence does not rationally support that reading of the contract, and in fact evidence from its own keyboards cuts strongly against that.[4]  Put simply, Davis has not produced any evidence that would support a jury finding that the parties agreed to extend the date of filing for the purpose of actually filing the documents, but somehow did not extend the linked right of termination.  That is not surprising because the bespoke paragraph in which the termination right is linked to the Engineering Exhibits plainly contemplates the ability of a party to review those documents and determine that they were acceptable before proceeding with the contract's performance.[5]

(4)     Finally, the Superior Court was correct in determining that a party's duty to use commercially reasonable efforts under § 8.4(a) did not arise until the

[4] *See* App. to Opening Br. at 373 (Email from Davis's broker Mark Jorgenson to Radio One's Chief Administrative Officer Linda Vilardo, Oct. 5, 2011) ("We share your priorities and look forward to setting a mutually-acceptable filing date.").

[5] Davis's argument that the term "Filing Date" in § 2.6 of the Agreement must mean the same thing as "the date of filing" in § 15.1 therefore has another flaw.  If the parties agreed that the Filing Date would not be as set forth by the formula in § 2.6 and would be deferred into the future, under Davis's argument that would seem to also extend the date of filing for purposes of the termination right under § 15.1.   Put simply, like the Superior Court, we are unable to come up with a reasonable reading of the contract which, when matched by the facts of record about what happened, would produce the result Davis presses, which is that the literal date of filing that tracks the contractual language precisely was indefinitely extended for one purpose but not for another, and that Radio One silently gave up its important right to terminate if, in its sole discretion, the Engineering Exhibits did not meet its approval.

3

FMAs and the Engineering Exhibits were filed and no party had exercised its termination right under § 15.1.[6]

NOW, THEREFORE, IT IS ORDERED that the Superior Court's June 10, 2015 judgment is AFFIRMED.[7]

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice

---

[6] Because we affirm on the basis that the Radio One entities' duties under the Agreement did not arise until the FMAs and Engineering Exhibits were filed and the contract had not been terminated under § 15.1, we need not and do not address the parties' interpretative duel over the extent to which commercially reasonable efforts under § 8.4(a) would include a duty to make certain monetary commitments.

[7] See Charlotte Broad., LLC v. Davis Broad. of Atlanta, L.L.C., 2015 WL 3863245 (Del. Super. June 10, 2015).

4